| | |
|---|---|
| MICHAEL F. WILLIAMS, P.C. (*pro hac vice* forthcoming) | JESS M. KRANNICH (Utah Bar #14398) |
| KATHLEEN A. BROGAN (*pro hac vice* forthcoming) | TREVOR J. LEE (Utah Bar #16703) |
| BRITNEY A. LEWIS (*pro hac vice* forthcoming) | MANNING CURTIS BRADSHAW |
| LAUREN N. BEEBE (*pro hac vice* forthcoming) | & BREDNAR PLLC |
| KIRKLAND & ELLIS LLP | 136 E. South Temple |
| 655 Fifteenth Street, N.W. | Salt Lake City, UT 84111 |
| Washington, D.C. 20005 | (801) 363-5678 |
| (202) 879-5000 | jkrannich@mc2b.com |
| mwilliams@kirkland.com | |

*Counsel for the American Samoa Government and the Hon. Aumua Amata*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN FITISEMANU, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00036 <br> Judge Clark Waddoups <br><br> **MOTION TO INTERVENE** |

### MOTION TO INTERVENE

The American Samoa Government and Congresswoman Aumua Amata move to intervene in these proceedings as of right under Federal Rule of Civil Procedure 24(a) or, in the alternative, for permissive intervention under Rule 24(b). Undersigned counsel has conferred with counsel for the existing parties and defendants do not object to this motion, but plaintiffs did not consent.

Despite the fact that the Supreme Court denied certiorari in a virtually identical case less than two years ago, *Tuaua v. United States*, 788 F.3d 300 (D.C. Cir. 2015), *cert. denied* 136 S. Ct. 2461 (2016), three U.S. nationals from American Samoa and a nonprofit organization ask that this Court revisit the question, forge an unprecedented path, and unilaterally declare that the

Citizenship Clause of the Fourteenth Amendment applies to all persons born in American Samoa. Such a decision would fundamentally alter the status of both the people and the unincorporated territory of American Samoa.  This case thus poses a question of exceptional importance to the people of American Samoa, and the movants have a direct and substantial interest in this litigation that may be impaired and is not adequately represented by the current parties.  The D.C. Circuit previously recognized the unique importance of the movants' interests in strikingly similar litigation, granted intervention, allocated half of defendant-appellee's oral argument time to the intervenors, and cited their arguments extensively in the eventual 3-0 opinion declining to impose birthright citizenship.  *See* Per Curiam Orders, No. 13-5272 (D.C. Cir. Jan. 2015), Docs. No. 1533731 & 1534052; *Tuaua*, 788 F.3d at 310.  This Court should likewise permit the American Samoa Government and Congresswoman Amata to intervene to protect their well-recognized interest and provide a valuable perspective of American Samoa's democratically elected government.

## BACKGROUND

American Samoa is an unincorporated U.S. territory in the South Pacific Ocean with a unique cultural and historical heritage—the *fa'a Samoa*. The American Samoa Government is the democratically elected government of the people of American Samoa. It is tasked with the day-to-day administration of the Territory and communicates with the U.S. government about issues important to its people. Congresswoman Amata Coleman Radewagen, commonly called Aumua Amata,[1] is American Samoa's democratically elected representative in the U.S. House of Representatives. In this role, Congresswoman Amata has worked to strengthen the bonds between the federal government and the American Samoa Government while carefully protecting the special status of American Samoa as an unincorporated territory and preserving the *fa'a Samoa*. Both the American Samoa Government and Congresswoman Amata thus have a unique perspective on the relationship between the U.S. government and the people of American Samoa.

American Samoa became a U.S. territory in 1900 through the mutual and voluntary agreement of its leaders, but its people have never been recognized as U.S. citizens by birth. Establishing birthright citizenship by judicial fiat could have an unintended and potentially harmful impact upon American Samoa society because many of the traditional aspects of Samoan culture, *fa'a Samoa* (which includes restrictions on the alienation of communal land), may raise complicated legal questions if subjected to scrutiny under the Equal Protection Clause of the Fourteenth Amendment. The American Samoa Government and Congresswoman Amata not only have significant interests at stake that are otherwise unrepresented, but also have a special understanding of the potential impact of the Court's decision on Samoan culture and society that will aid the Court's resolution of these important issues.

---

[1] In addition to her responsibilities in the U.S. Congress, Congresswoman Amata holds the *matai*, or chieftain, orator title *Aumua* in American Samoa.

**ARGUMENT**

The American Samoa Government and Congresswoman Amata have distinct and exceptionally important interests at stake in this litigation, which challenges settled principles of constitutional interpretation and, if successful, would affect all of American Samoa. Because the American Samoa Government's and Congresswoman Amata's interests will not be adequately represented by the existing parties, they move to intervene as of right or, in the alternative, to intervene as an exercise of this Court's discretion.

Principles of intervention under Federal Rule of Civil Procedure 24 recognize that "a lawsuit often is not merely a private fight and will have implications on those not named as parties," and there is an important "public interest in the efficient resolution of controversies." 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1901 (3d ed. 1998 & Supp. Apr. 2018). "The central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention"—*i.e.*¸ "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should . . . be allowed to intervene." *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009) (quoting *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1193, 1195 (10th Cir. 2007) (en banc)). Two well-settled legal principles favor intervention here. First, the Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *W. Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (citation omitted). Second, "the requirements for intervention may be relaxed in cases raising significant public interests," rather than "solely private rights." *San Juan Cty.*, 503 F.3d at 1201 (citing *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 123, 136 (1967)). Applying these principles, it is clear that this case raises significant public interests affecting the entire population of American Samoa, and the movants have direct and substantial interests at stake that warrant intervention.

## I. The American Samoa Government And Congresswoman Amata Should Be Granted Intervention As Of Right.

This Court should permit the American Samoa Government and Congresswoman Amata to intervene as of right. Under Federal Rule of Civil Procedure 24(a)(2), a court must grant a timely motion to intervene when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The American Samoa Government and Congresswoman Amata readily satisfy each of these requirements.

### A. The movants have a direct and substantial interest in the subject matter of this litigation.

The American Samoa Government and Congresswoman Amata's claimed interest plainly relates to the subject matter of this litigation—*i.e.*, the question of Samoan citizenship. Under Tenth Circuit law, an intervenor's claimed interest "must be 'direct, substantial, and legally protectable.'" *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (citation omitted). This "highly fact-specific" inquiry is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* at 1251–52 (citation omitted); *see also W. Energy Alliance*, 877 F.3d at 1165.

The American Samoa Government, the democratically elected government of the people of American Samoa, is tasked with promulgating and enforcing the laws of the Territory. And under the Constitution of American Samoa, it is "the policy of the Government of American Samoa to protect persons of Samoan ancestry against alienation of their lands and the destruction of the Samoan way of life and language, contrary to their best interests." Revised Const. of Am. Samoa, art. I, § 3. Congresswoman Amata, the only elected representative of American Samoa in the U.S. Congress, is entrusted with representing her people on many questions—including that of Samoan

5

citizenship. As American Samoa's democratically elected representatives, both the American Samoa Government and Congresswoman Amata have a substantial interest in the question of Samoan citizenship and the impact that resolution of that question may have on the American Samoan people and the *fa'a Samoa*.

### B. Disposing of this action without the movants would impair or impede their ability to protect their substantial interests.

Disposing of this action without the American Samoa Government and Congresswoman Amata may as a practical matter impair or impede their ability to protect their interests. In the Tenth Circuit, "[t]his element 'presents a minimal burden,'" and courts merely require "the movants to show that it is 'possible' that the interests they identify will be impaired." *W. Energy Alliance*, 877 F.3d at 1167 (quoting *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010)).

An unprecedented decision from this Court that the Citizenship Clause applies to American Samoans would fundamentally alter the status of both the people and the unincorporated territory of American Samoa. It would also impair and impede the movants' interests in the question of Samoan citizenship, the democratic prerogatives of the American Samoan people, and the preservation of the *fa'a Samoa*. Plaintiffs seek to circumvent the historical role of the American Samoa Government in negotiating with the U.S. government about the rights of the American Samoan people, including about the naturalization status of American Samoans. Likewise, plaintiffs seek to undermine Congresswoman Amata's role as advisor to the U.S. Congress on the important question of Samoan citizenship, nullify her ability to guide legislation through the House of Representatives on the subject of Samoan citizenship,[2] preclude her from choosing U.S. national

---

[2] On February 14, 2018 (over a month before this lawsuit was filed), Congresswoman Amata introduced a bill relating to American Samoan citizenship, which remains pending. H.R. 5026, 115th Cong. (2018).

status in the future, and may jeopardize her *matai* standing as *Aumua*. As a 3-0 panel of the D.C. Circuit recently recognized, "to impose citizenship by judicial fiat" would require the Court to "override the democratic prerogatives of the American Samoan people themselves." *Tuaua*, 788 F.3d at 302; *id.* at 311 ("The imposition of citizenship on the American Samoan territory is impractical and anomalous at a more fundamental level. We hold it anomalous to impose citizenship over the objections of the American Samoan people themselves, as expressed through their democratically elected representatives.").

### C. Existing parties do not adequately represent the movants' unique interests in this litigation.

The American Samoa Government and Congresswoman Amata's interests are not adequately represented by existing parties. "[T]he likelihood of a divergence of interest 'need not be great' to satisfy the requirement" that existing parties do not adequately represent the movant's interest. *Tri-State Generation & Transmission Ass'n, Inc. v. N.M. Pub. Regulation Comm'n*, 787 F.3d 1068, 1072 (10th Cir. 2015) (citing *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978)). Instead, "[t]his requirement is satisfied where the applicant 'shows that representation of his interest *may be* inadequate—a 'minimal' showing." *Id.* (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).

The American Samoa Government and Congresswoman Amata are acutely aware of how an unprecedented ruling that the Citizenship Clause encompasses the people of American Samoa could have unintended and harmful effects on American Samoan culture. The position of the three Samoan plaintiffs, who assert various individual harms based on their status as U.S. nationals, and the Southern Utah Pacific Islander Coalition, an organization that purportedly "derives its standing from the harms suffered by its members" (including the individual plaintiffs), Compl. ¶ 10 (ECF No. 2), is directly opposed to this position and does not consider the potential societal harms that

7

their proposed remedy could cause.  And although the U.S. defendants have taken the legal position that the movants advocate, they have no particular interest in protecting the traditional way of life in American Samoa or preserving the *fa'a Samoa*.  As the Territory's democratically elected representatives, the American Samoa Government and Congresswoman Amata are best situated to represent the concerns of the people of American Samoa on this matter of exceptional importance.

### D.  This motion is timely and will not prejudice any of the existing parties.

Courts in the Tenth Circuit "determine timeliness 'in light of all of the circumstances,'" but "three non-exhaustive factors are 'particularly important: (1) the length of time since the movants knew of their interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movants.'"  *W. Energy Alliance*, 877 F.3d at 1164 (quoting *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir 2010)).  This motion comes "just over two months after" plaintiffs' complaint, which is a timely period unlikely to prejudice the existing parties.  *See id.* at 1164–65.  Undersigned counsel has also been in communication with the current parties about seeking intervention, which minimizes potential prejudice.  Any prejudice is further mitigated by the fact that the American Samoa Government and Congresswoman Amata participated as *amicus curiae* and intervenors in a closely related case, *Tuaua*, and the parties are thus well aware of the movants' arguments.

## II.  If The American Samoa Government And Congresswoman Amata Are Not Entitled To Intervene As Of Right, This Court Should Grant Permissive Intervention.

For essentially the same reasons given above, the movants also meet the standard for permissive intervention.  Courts have discretion to permit intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  In considering whether to allow permissive intervention, courts consider whether

the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). "[A]nother determinable factor is 'whether the interveners will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 232 F.R.D. 392, 398 (D. Utah 2005) (citation omitted).

The American Samoa Government and Congresswoman Amata maintain that, consistent with longstanding Supreme Court precedent, *see, e.g.*, *Downes v. Bidwell*, 182 U.S. 244, 251 (1901), the Citizenship Clause does not apply to persons born in unincorporated U.S. territories like American Samoa. As a result, they "ha[ve] a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). And because this motion is timely, intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The American Samoa Government and Congresswoman Amata also have a unique perspective on the potential ramifications of this litigation and will thus "significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Utah State Dep't of Health*, 232 F.R.D. at 398 (citation omitted). Given these considerations, even if this Court finds that intervention as of right is unwarranted, it should grant permissive intervention.

## CONCLUSION

This case raises significant public interests that affect the entire population of American Samoa. As the Territory's democratically elected representatives, the American Samoa Government and Congresswoman Amata have direct and substantial interests at stake that are not

adequately represented by existing parties and thus warrant intervention, whether as of right or as a matter of this Court's discretion.

Dated:  June 8, 2018                                                                 Respectfully submitted,

By: */s/ Jess M. Krannich*

| | |
|---|---|
| MICHAEL F. WILLIAMS, P.C. (*pro hac vice* forthcoming) | JESS M. KRANNICH (Utah Bar #14398) |
| KATHLEEN A. BROGAN (*pro hac vice* forthcoming) | TREVOR J. LEE (Utah Bar #16703) |
| BRITNEY A. LEWIS (*pro hac vice* forthcoming) | MANNING CURTIS BRADSHAW |
| LAUREN N. BEEBE (*pro hac vice* forthcoming) | & BREDNAR PLLC |
| KIRKLAND & ELLIS LLP | 136 E. South Temple |
| 655 Fifteenth Street, N.W. | Salt Lake City, UT 84111 |
| Washington, D.C. 20005 | (801) 363-5678 |
| (202) 879-5000 | jkrannich@mc2b.com |
| mwilliams@kirkland.com | |

*Counsel for the American Samoa Government and the Hon. Aumua Amata*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7-1(a)(3)(C) of the Local Rules of Civil Practice, I hereby certify that the textual portion of the foregoing motion (exclusive of the signature blocks, certificates of service and compliance, and accompanying proposed order, but including footnotes) contains 2,500 words as determined by the word counting feature of Microsoft Word 2016.

I also hereby certify that electronic files of this motion and accompanying proposed order have been scanned for viruses and are virus-free.

*/s/ Jess M. Krannich*
Jess M. Krannich

## CERTIFICATE OF SERVICE

I certify that on June 8, 2018, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

*/s/ Jess M. Krannich*
Jess M. Krannich